NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER GEORGE VONOVICH, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Appellee. | No. 24-3920 <br><br> D.C. No. 1:22-cv-00490-DCN-DKG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Debora K. Grasham, Magistrate Judge, Presiding

Submitted June 1, 2026[**]

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

Claimant Christopher George Vonovich appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review the district court's order affirming the [Administrative Law Judge's] [ALJ's] denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Substantial evidence supports the ALJ's determination that Dr. McDonough's medical opinion was unpersuasive. The ALJ identified inconsistencies with other record evidence and a lack of objective medical evidence to support the opinion. *See* 20 C.F.R. § 404.1520c(b)(2), (c) (providing that the persuasiveness of a medical opinion depends in part on its "supportability" and "consistency").

With respect to consistency, the ALJ reasonably concluded that Dr. McDonough's opinion that Vonovich could not perform even light work was inconsistent with her notes and with Vonovich's description of his condition. That evidence indicated that Vonovich was not in acute distress, his medication generally controlled his symptoms, he had no problems balancing or walking, and that he engaged in "normal activities and hobbies."

With respect to supportability, the ALJ reasonably concluded that Dr. McDonough's opinion was not supported by objective medical findings. For

example, Dr. McDonough indicated that Vonovich has anxiety, but there is no evidence that he had ever received that diagnosis. Vonovich argues that the medical record contains objective evidence supporting Dr. McDonough's conclusion that his impairments were sufficiently severe, but the ALJ considered that evidence and concluded that his impairments did not meet the regulatory standard. For instance, Vonovich contends that the ALJ did not consider that his 2021 lumbar MRI showed "further degeneration" compared to his 2018 MRI, but as the ALJ correctly noted, Vonovich's physician concluded that his 2021 scan results were "[o]verall . . . similar to the prior examination" from 2018.

2. Vonovich raises several other challenges to the agency's decision on appeal, but because he did not raise them before the district court, he has forfeited them. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (explaining that a claimant forfeits his challenges to the agency's determinations "by not raising them before the district court"). Even if Vonovich preserved a challenge to the ALJ's determination of his residual functional capacity or its finding at step five by challenging the related issue about the rejection of Dr. McDonough's opinion, those additional challenges would fail in light of our conclusion that the ALJ reasonably found Dr. McDonough's opinion to be unpersuasive.

**AFFIRMED.**

24-3920